**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NATHAN PEREZ, an individual, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>WATERCO OF THE CENTRAL STATES, INC.; CULLIGAN INTERNATIONAL COMPANY; CULLIGAN BY WATERCO, DBA CULLIGAN; and DOES 1 through 50, inclusive,<br><br>        Defendants. | Case No.:  3:25-cv-00922-BEN-KSC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR REMAND**<br><br>**[Docket No. 9]** |

## I.   INTRODUCTION

Plaintiff Nathan Perez, an individual, and on behalf of himself and all others similarly situated ("Plaintiff"), brings this action against Defendants Waterco of the Central States, Inc., Culligan International Company, and Culligan by Waterco DBA Culligan (collectively, "Defendants") alleging violations of the California Labor Code,

1  California Business and Professions Code, §§ 17200, *et seq*., the applicable IWC Wage
2  Order, and related common law principles.  Compl. ¶¶ 4 and 12.
3       Before the Court is Plaintiff's motion to remand ("Motion").  ECF. No. 9.
4  Defendants filed an opposition and Plaintiff filed a reply.  The Motion was submitted on
5  the papers without oral argument pursuant to Civil Local Rule 7.1(b) and Rule 78(b) of
6  the Federal Rules of Civil Procedure.
7       After considering the papers submitted, supporting documentation, and applicable
8  law, the Court **DENIES** Plaintiff's Motion to Remand.  ECF No. 9.

9  **II.   BACKGROUND**

10       On April 17, 2025, Plaintiff filed his complaint ("Complaint") in the Superior
11  Court of California, County of San Diego.  Plaintiff alleges that, at all relevant times, he
12  was employed by Defendant as a Field Technician.  Compl. ¶ 2.  Plaintiff alleges that
13  Defendants failed to pay all wages and overtime compensation owed to its non-exempt
14  employees; failed to provide required meal periods; failed to provide required rest
15  periods; failed to pay all sick leave wages; failed to furnish timely, proper, and accurate
16  wage statements; failed to reimburse business expenses; and failed to conduct lawful and
17  fair business practices.  Compl. at 4.

18       On April 17, 2025, Defendants filed a Notice of Removal to federal court under the
19  Class Action Fairness Act of 2005 ("CAFA"), *see* 28 U.S.C. § 1332, 1441, 1453.  The
20  Notice asserted that the amount in controversy exceeded CAFA's jurisdictional threshold
21  of five million dollars.  Plaintiff filed the instant Motion, arguing Defendants have not
22  met their burden of establishing jurisdiction under CAFA.  ECF No. 9-1.

23  **III.   DISCUSSION**
24      **LEGAL STANDARD**
25
26    A civil action in state court may be removed to federal district court if the district
27  court had original jurisdiction over the matter at the time the complaint was filed.  28
28  U.S.C. § 1441(a). CAFA gives federal courts "original jurisdiction of any civil action in

1  which, inter alia: the amount in controversy exceeds the sum or value of $5,000,000,
2  exclusive of interest and costs;" the aggregate number of proposed plaintiffs is 100 or
3  greater; and any member of the plaintiff class is a citizen of a state different from any
4  defendant. 28 U.S.C. § 1332(d). The burden of establishing removal jurisdiction remains
5  on the defendant and does not shift to the plaintiff. *Abrego v. Dow Chem. Co.*, 443 F.3d
6  676, 685-86 (9th Cir. 2006).

7      The Court must first determine what level of proof Defendants must meet to satisfy
8  their burden. Here, the plaintiff has not specified an amount in controversy, opting for
9  the recovery to be determined at trial. Compl. 1-2 at 12, ¶ 22-27. Therefore, Defendants
10 are permitted to establish federal jurisdiction by demonstrating the amount in controversy
11 exceeds $5 million, through the preponderance of the evidence standard. *Moe v. GEICO*
12 *Indem. Co.*, 73 F.4th 757, 762 (9th Cir. 2023) (quoting *Dart Cherokee Basin Operating*
13 *Co., LLC v. Owens*, 574 U.S. 81, 89 (2014)). "The preponderance standard does not
14 require a district court to perform a detailed mathematical calculation of the amount in
15 controversy before determining whether the defendant has satisfied its burden." *Harris v.*
16 *KM Indus., Inc.*, 980 F.3d 694, 701 (9th Cir. 2020).

17     While the defendant may make reasonable assumptions when calculating the amount
18 in controversy, some "[e]vidence establishing the amount is required by 28 U.S.C.S. §
19 1446(c)(2)(B)," when the amount is contested. *Moe*, 73 F.4th at 762. However, "a
20 removing defendant need not present evidence of what its ultimate liability will be" . . . .
21 "[i]nstead, the defendant 'is permitted to rely on "a chain of reasoning that includes
22 assumptions"' to calculate the amount in controversy." *Perez v. Rose Hills Co.*, 131
23 F.4th 804, 808 (9th Cir. 2025) (citations omitted). The assumptions "can be 'founded on
24 the allegations of the complaint' and do not necessarily need to be supported by
25 evidence." *Id*. (quoting *Arias v. Residence Inn*, 936 F.3d 920, 925 (9th Cir. 2019)). The
26 district court's task is simply to determine if the defendant's "reasoning and underlying
27 assumptions are reasonable." *Id*. (quoting *Jauregui v. Roadrunner Transp. Servs.*, 28
28 F.4th 989, 993 (9th Cir. 2022)).

### A. Minimal Diversity and Numerosity

Under CAFA, original federal jurisdiction exists where there is: (1) minimal diversity; (2) class numerosity of 100 or greater; and (3) an amount in controversy greater than five million dollars. 28 U.S.C. § 1332(d).[1] With respect to minimal diversity, Plaintiff resides in the County of Solano, California and is, therefore, a citizen of California. ECF No. 1-1; *see* 28 U.S.C. § 1332(a)(1) (an individual is a citizen of the state in which he or she is domiciled). Defendant Waterco of the Central States, Inc. ("Waterco") is incorporated in Delaware, with its principal place of business in Rosemont, Illinois. ECF No. 3. Culligan International Company ("Culligan") is incorporated in Delaware, with its principal place of business in Rosemont, Illinois. ECF No. 3. Both are citizens of Delaware and Illinois. Therefore, neither defendant is a citizen of California and Plaintiff is a citizen of a state different from each Defendant. As to numerosity, Defendants confirmed that there were over 100 employees that could be included in this class. ECF No. 1-5. The Court concludes that the suit satisfies CAFA's requirements of minimal diversity and numerosity.

### B. Amount in Controversy

Whether the amount in controversy exceeds the jurisdictional threshold in the instant case is the primary issue. To determine the amount in controversy,

> [t]he district court may consider whether it is facially apparent from the complaint that the jurisdictional amount is in controversy. If not, the court may consider facts in the removal petition, and may require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal.

*Abrego,* 443 F.3d at 690-91 (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (internal quotations omitted)).

There are two types of attacks a plaintiff may use to challenge the amount in controversy: a facial attack or a factual attack. *Harris,* 980 F.3d at 699. "A 'facial' attack

---

[1] Minimal diversity and class numerosity are not contested by the Plaintiff, and this Court is satisfied that the evidence supports the presence of those two factors.

accepts the truth of the [defendant's] allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'" *Id*. (citations omitted).  However, when a plaintiff launches a factual attack, the plaintiff, "challenge[s] the truth of the defendant's jurisdictional allegations by making a reasoned argument as to why any assumptions on which they are based are not supported by evidence." *Id.* at 700.  While the Plaintiff asserts he has mounted a "facial attack", Plaintiff's direct challenge of the Defendants' 100% rest break violation rate, is better considered as a factual attack.

This Court agrees that "[e]vidence establishing the amount is required . . . when the plaintiff contests, or the court questions, the defendant's allegation," and "the party seeking removal—and invoking the jurisdiction of the federal courts—bears the burden of demonstrating by a preponderance of the evidence that the amount in controversy exceeds $5 million." *Perez*, 131 F.4th at 808.  Additionally, "[b]oth sides must have an opportunity to 'submit proof.'" *Moe*, 73 F.4th at 762.

When responding to a factual attack a defendant may use evidence in the form of reasonable assumptions. *Perez*, 131 F.4th at 808.  This reasonability may vary depending on "which element of the amount-in-controversy calculation is at issue." *Id*.  For example, "in a wage-and-hour case, the number of employees in the class may be most easily determined by examining the defendant's employment records.  It therefore may make sense to expect a defendant to introduce evidence of that number." *Id.* Nonetheless, this does not mean the Court requires "'that [the defendant] *prove it actually violated the law* at the assumed rate,' even when . . . [it] maintains that it did not violate the law at all." *Perez*, 131 F.4th at 808 (quoting *Arias*, 936 F.3d at 925) (emphasis added).  The assumptions derived from the evidence are not required to be precise and discovery-level calculations, "CAFA defendant's amount in controversy assumptions in support of removal will always be just that: *assumptions*." *Jauregui*, 28 F.4th at 993.

The Defendants have submitted the Declaration of Mary Odegaard.  Ms. Odegaard has been, and is currently, the Culligan International Company Payroll Manager since 2005.  Decl. 1-5 at 1 ¶ 5-7.  Ms. Odegaard's Declaration contains her knowledge of: the

number of non-exempt employees employed by Defendants from March 14, 2021, through March 28, 2025; the number of pay periods during this time; and the number of shifts in this time period where employees had worked more than 3.5 hours. Decl. 1-5 at 4, ¶ 13-16. The Defendants use this data to support their calculations. ECF No. 21 at 2-7. Based on these calculations and the language in the complaint the Defendants assumed an 100% violation rate for particular claims. ECF No. 21 at 3 ¶ 6-10. The Plaintiffs argue that the Defendants should not have assumed, "a 100% violation rate because every terminated employee worked a shift that was eligible for a rest break," but should have rather assumed that a lower percentage of eligible shifts were worked. ECF No. 21 at 5 ¶ 12.

When evaluating the reasonableness of a proposed violation rate courts look at the current complaint, as well as any "alternative violation rate[s] grounded in real evidence, such as an affidavit [from the Plaintiff]." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1199 (9th Cir. 2015). As the master of his complaint, the Plaintiff here uses absolute language for some claims and limiting language for others. In his complaint the Plaintiff uses concrete language stating that he and other class members were required to work through breaks, they did not receive late payment waiting time penalties, they did not receive accurate wage statements, and they failed to be paid all wages and premiums in the required pay period.[2] When Plaintiff alleged "Defendants required Plaintiff and the class members to work through their days without breaks," Defendant assumed an 100% violation rate. Compl. 1 at 2 ¶ 13. When Plaintiff alleged "Plaintiff and the class members *often* experienced missed, late, short, and interrupted 19 meal periods to keep

---

[2] The Plaintiff alleges in his Complaint:
(1) "Defendants required Plaintiff and the class members to work through their days without breaks." Compl. 1-2 at 7 ¶ 13;
(2) "Defendants did not pay waiting time penalties for the late payments." Compl. 1-2 at 8 ¶ 16-17;
(3) "Defendants failed to provide accurate itemized wage statements to the class members each pay period as a result of the policies and practices set forth in this notice." Compl. 1-2 at 8 ¶ 18-19;
(4) "Because Defendants failed to pay all wages and premiums in each pay period in which such wages were earned at the lawful rate, Defendants violated Labor Code section 204 and/or 204b (for weekly employees, as applicable)." Compl. 1-2 at 8 ¶ 9-11.

-6-

up with the demands of the job," Defendant instead assumed a 60% violation rate. Compl. 1 at 6 ¶ 18 (emphasis added). Accordingly, the Defendant adjusted the violation rate assumptions of each claim individually based on this language. "[I]f [a plaintiff] . . . believed that some other assumption would have been *more* reasonable, she was free to propose that rate." *Perez*, 131 F.4th at 810. The Plaintiff has not proposed alternative rates with affidavits. Therefore, the Court finds that Defendants' assumptions here are reasonable, and "founded on the allegations of the complaint." *Id.* at 808 (quoting *Arias*, 936 F.3d at 925). As discussed, "[t]he district court's task is simply to determine if the defendant's "reasoning and underlying assumptions are reasonable." *Perez*, 131 F.4th at 808 (quoting *Jauregui*, 28 F.4th at 993).

Further the Court disagrees with the Plaintiff that attorney's fees should be entirely excluded from the amount in controversy. The defendant retains the burden of "prov[ing] the amount of future attorneys' fees at stake by a preponderance of the evidence." *Fritsch v. Swift Transp. Co. of Ariz., LLC,* 899 F.3d 785, 796 (9th Cir. 2018). However, attorney's fees cannot be excluded altogether, as "the amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails." *Id.* at 793 (quoting *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 418 (9th Cir. 2018)). The "amount in controversy is supposed to be an estimate of the *entire* potential amount at stake in the litigation." *Jauregui,* 28 F.4th at 993 (9th Cir. 2022). The Plaintiff requests the judgment to include, "attorneys' fees and costs of suit, including expert fees" in the Complaint. Compl. at 16, ¶ 23. Therefore, the Court finds the Defendants' inclusion of attorney's fee in calculating the amount in controversy to be reasonable.

Finally, both parties have had an opportunity to "submit evidence after the amount in controversy had been contested." *Harris,* 980 F.3d at 702 (quoting *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1199 (9th Cir. 2015)). Defendants' submitted evidence, Plaintiff declined. The Court finds that it has CAFA jurisdiction over the case, based on

Defendants' evidence and reasonable assumptions. Therefore, the motion to remand is denied.

**CONCLUSION**

For the above reasons, the Court **ORDERS** as follows:

1. Plaintiff's Motion to Remand, ECF No. 9, is **DENIED**.

**IT IS SO ORDERED.**

DATED: August 11, 2025

                                        **HON. ROGER T. BENITEZ**
                                        United States District Judge